## MODERN GRINDER MFG. CO. v. DAZEY CHURN & MFG. CO. et al.

Circuit Court of Appeals, Seventh Circuit. December 5, 1927.

No. 3878.

1. **Patents** ⟺328—1,558,194, claim 2, for sharpening machine, held valid and infringed.

Patent No. 1,558,194, claim 2, for improved sharpening machine, comprising pair of like rotary abrading disks, *held* valid and infringed.

2. **Trade-marks and trade-names and unfair competition** ⟺70(1)—Where sharpening machines, though similar, were different in form of structure and color scheme and each labeled to indicate origin, there was no unfair competition.

Where sharpening machines of plaintiff and defendant were similar, but there were some differences in form of structure, such as in standard and housing of gears, color scheme was radically different, and each device was labeled to indicate its separate origin, there was no unfair competition.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Patent infringement suit by the Dazey Churn & Manufacturing Company and another against the Modern Grinder Manufacturing Company. Judgment for plaintiffs, and defendant appeals. Reversed in part, and affirmed in part.

Casanave Young, of Milwaukee, Wis., for appellant.

James Love Hopkins, of St. Louis, Mo., for appellees.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from a decree adjudging validity and infringement of claim 2 of United States patent No. 1,558,194, October 20, 1925, to Luebben, for an improved sharpening machine, and adjudging also appellant's unfair trade competition in its simulation of appellees' commercial machine.

[1] Claim 2 is:

"2. An implement sharpening assembly comprising a pair of like rotary abrading disks, a face of each disk being inclined in opposite directions from an annular apical point constituting a sharp line concentric with the axis of the disk, said line of the respective disks registering and in contact with each other whereby to form grinding contacts with an edged instrument, in combination with means for holding the disks yieldably in contact and driving them in unison."

Figure 5 of the patent drawings shows a midsectional view of the abrading disks.

The apical line, 24, is the only line of contact between the disks, the disks receding on either side of the line, so that as the knife is placed between the disks, at 17, and there lightly held, the revolving disks grind off the sides toward the edge, thereby effecting the sharpening. The disks are mounted together on the shaft, and a yielding action between them is brought about by a spring, 23, so that if the knife is pressed downward the edge will tend to pass the apical line but will not strike an obstruction. In operation the disks are manually revolved by means of a crank with gears, whereby the shaft is rapidly revolved. The contended virtue for this apical contact in disks of the form here shown is

that the wear is downward from the apical line, but such line is maintained until the disks are worn out.

Invalidity is claimed on Luebben's prior patent No. 1,415,375, August 9, 1922. This shows a knife sharpener with contacting abrading disks mounted on a shaft which drives them, the sharpening being effected by drawing the knife along the bottom of a similar groove between the disks at their faces, while the disks are being revolved. The device is like that of the patent in issue, save in the form of the disks, which in the earlier patent do not show the apical line between them, but a flat plane of contact of considerable width. It is this difference which patentably distinguishes the two. Appellant chose to copy appellees' latest patent rather than the earlier one, or the quite similar device of Brown, United States patent No. 1,068,973, July 29, 1913, and to that extent infringes.

Appellant insists that the apical contact of the disks, and the means for preserving it shown in the last Luebben patent, is found in United States patent No. 332,187, December 8, 1885, to Comstock. This patent shows two yieldingly contacting abrading disks revolving together on a shaft whereon they are mounted. But there is wholly absent the similar recesssion in each disk from the apical point toward the center, making possible the maintaining of the single line of contact as the contacting line wears away. Comstock shows a cavity in each disk, but the cavity has a round face in one and a straight or square face in the other, to receive a block to be placed between the disks in the opening thus left. There is not even a suggestion that the wearing away of the line of contact will preserve a single apical line between the disks. The Comstock disks convex outwardly from the contacting point, and as this point wears away the contact becomes a constantly broadening plane surface comparable to that of Brown and of Luebben's first patent.

The entire Comstock device is radically different from that in issue. In the first, the disks revolve only by drawing the knife between them. There is no driving mechanism, but only that rotation of the disks which their contact with the knife imparts. The operation of such a device, and its effect upon the tool to be sharpened, is so different as quite to exclude it as a prior art reference.

[2] As to the finding of unfair competition, we are not in accord with the decree. Appellees' commercial device is evidently produced with a view to the greatest economy of material and labor, so that a small grinder, obtainable at low price for family use, would be

available. While neat, it is practically without ornamentation or fanciful design, and, in our view, quite utilitarian in all its details. All this, and scarcely more, can be said of appellant's grinder. There are some differences in the form of the structure, such as the standard and the housing of the gears. The color scheme of the tools is radically different, and each device is labeled to indicate its separate origin. There is no contention of misleading or fraudulent trade practice other than the alleged similarity of the two products. We do not think that unfairness in trade competition appears.

So much of the decree as finds appellant guilty of unfair trade competition or practice is reversed, and so much of the decree as finds the patent valid and infringed, and decrees accounting for the infringement, is affirmed. Each party shall pay half the costs of this appeal.